MEMORANDUM **
Milagros Cabuloy Burcena and others (“Burcena”) appeal from the district court’s judgment affirming the bankruptcy court’s order annulling the automatic stay as to Bank One’s foreclosure sale. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court’s conclusion that the appeal is moot, Nat’l Mass Media Telecomm. Sys., Inc., v. Stanley (In re Nat’l Mass Media Telecomm. Sys., Inc.), 152 F.3d 1178, 1180 (9th Cir.1998), and we affirm.
The appeal is moot because Burcena failed to obtain a stay of the sale of the property to a nonparty. See id. (affirming dismissal on mootness grounds where property at issue was sold and court could not grant effective relief).
Burcena’s contentions that the appeal is not moot because the bankruptcy court lacked jurisdiction and thus state law permits invalidation of the sale is unpersuasive. The bankruptcy court retained jurisdiction to annul the automatic stay after dismissal. See Aheong v. Mellon Mortgage Co. (In re Aheong), 276 B.R. 233, 239-40 & n. 8 (B.A.P. 9th Cir.2002) (concluding that bankruptcy court had jurisdiction to annul automatic stay after dismissal because the order effectuated and interpreted the dismissal order).
Further, the debtor’s death did not affect the bankruptcy court’s jurisdiction. See Fed. R. Bankr.P. 1016 (stating that in the event of the debtor’s death, “the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death ... had not occurred”).
Finally, Bank One properly served notice of the hearing on the motion to annul by mailing it to the last known address of *816 the debtor. See Fed. R. Bankr.P. 7004(b), 9014(a), (b) (allowing service by mail of motions).
Bank One’s request for judicial notice is granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.